UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 23-80182-CR-ROSENBERG

UNITED STATES OF AMERICA

vs.

LARRAMY WILLIAM WOOD,

      Defendant.
_____/

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR A DOWNWARD DEPARTURE AND VARIANCE**

      The United States of America, by and through the undersigned Assistant United States Attorney, hereby submits this response to the defendant Larramy William Wood's ("defendant") Motion for a Downward Departure and Downward Variance. The Government respectfully requests that this Court deny the defendant's motion, and sentence the defendant at the low end of the United States Sentencing Guidelines ("U.S.S.G.") advisory guideline range providing a sentence sufficient but not greater than necessary.  In support thereof, the government provides the following:

**Introduction**

      The § 3553(a) factors, including, the nature and circumstances of the offense, the need for the sentence to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment warrant a sentence within the advisory guideline range.

      In sentencing, the Court must make an individualized assessment of the defendant and consider the need for the sentence imposed to promote respect for the law, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant.  18

1

U.S.C. § 3553(a)(1), (a)(2)(A)-(C). The Court must also consider, among other factors, the nature and circumstances of the offense, the seriousness of the offense, and the need to provide just punishment for it. 18 U.S.C. § 3553(a)(1), (a)(2)(A); *United States v. Rosales-Bruno*, 789 F.3d 1249, 1253-54 (11th Cir. 2015) (citing 18 U.S.C. § 3553(a)(2)).

"The district court must treat the Guidelines as the starting point and the initial benchmark in selecting a sentence." *United States v. Vazquez*, 775 F.App'x 660, 662 (11th Cir. 2019) (quotation marks omitted). "The Guidelines are not only the starting point for most federal sentencing procedures but also the lodestar." *Id*. "A district court may impose a variance if it determines that the case at hand falls outside the 'heartland' to which the Commission intends individual Guidelines to apply, perhaps because the Guidelines sentence itself fails properly to reflect § 3553(a) considerations, or perhaps because the case warrants a different sentence regardless." *United States v. Sotolongo*, 343 F.App'x 482, 483 (11th Cir. 2009).

<u>Nature and Circumstances of the Offense</u>

The nature and circumstances of the offense demonstrate that the defendant engaged in the distribution of significant quantities crystal methamphetamine on multiple occasions. The defendant is responsible for distributing more than 500 grams of methamphetamine but less than 1.5 kilograms. Notably, during the 60 days interception period, the defendant and the primary target of the investigation exchanged 1,483 text messages and phones calls, which was highest volume of contact of any of the defendants. Lastly, the defendant may have purchased some crystal methamphetamine for personal use, but he did so in conjunction with conspiring to distribute significant quantities of crystal methamphetamine to other individuals.

<u>To Reflect the Seriousness of the Offense</u>

The seriousness of this offense cannot be understated. The defendant engaged in the distribution of a highly addictive and, at times lethal, narcotic on multiple occasions. As detailed

below, methamphetamine overdoses continue to rise and are the second leading cause of drug-involved overdoses ranking only behind fentanyl.[1]

Figure 2. National Drug-Involved Overdose Deaths*, Number Among All Ages, 1999-2021

*Includes deaths with underlying causes of unintentional drug poisoning (X40–X44), suicide drug poisoning (X60–X64), homicide drug poisoning (X85), or drug poisoning of undetermined intent (Y10–Y14), as coded in the International Classification of Diseases, 10th Revision. Source: Centers for Disease Control and Prevention, National Center for Health Statistics. Multiple Cause of Death 1999-2021 on CDC WONDER Online Database, released 1/2023.

Furthermore, recent studies indicate that fentanyl is being used in conjunction with methamphetamine.[2] The director of a recent study concluded, "Methamphetamine is more potent, more pure and probably cheaper than it's ever been at any time in this country." *Id*. The government recognizes the defendant's role in the conspiracy and that he was not a leader or organizer, but nonetheless the defendant's involvement included the distribution of a highly addictive, and at times lethal, narcotic on multiple occasions.

<u>To Promote a Respect for the Law and a Just Punishment</u>

A sentence at the low end of the advisory guideline range will promote a respect for the law and provide a just punishment. To arrive at an appropriate sentence, the district court must consider all of the applicable § 3553(a) factors. *United States v.*

---

[1] https://nida.nih.gov/research-topics/trends-statistics/overdose-death-rates
[2] America's addiction crisis: It's not just fentanyl. These drugs play a growing role; https://www.usatoday.com/story/news/health/2024/02/21/methamphetamine-plays-increasing-role-in-addiction-crisis/72661430007/

3

*Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009). That does not mean, however, that it must give all of the § 3553(a) factors equal weight. Instead, the sentencing court "is permitted to attach 'great weight' to one factor over others." *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 57 (2007)).

The defendant argues that his health, substance abuse, employment and the need to avoid unwarranted sentencing disparities warrant a downward departure or a downward variance (*See* DE: 429).

<u>The Defendant's Physical Condition, Substance Abuse and Mental Health Are Not Proper Bases for a Downward Departure or Variance</u>

The defendant argues that his physical condition, substance abuse and mental health warrant a departure under U.S.S.G. §§ 5H1.4 and 5H1.3.

The defendant asserts that his physical condition and substance abuse warrant a departure under U.S.S.G. § 5H1.4. "Physical condition …may be relevant in determining whether a departure is warranted, if the condition…is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines." U.S.S.G. § 5H1.4. "Roughly 40 percent of older offenders had a physical disability prior to arrest for the instant offense."[1] The defendant does appear to suffer from a variety of aliments; however, not "to an unusual degree" that would distinguish him from similarly situated defendants. Moreover, the government's recommendation at the low end of the advisory guideline range accounts for the defendant's mitigating physical conditions.

The defendant's substance abuse issues are not a proper basis to depart from the guidelines. "Drug or alcohol dependence or abuse ordinarily is not a reason for a downward departure. Substance abuse is highly correlated to an increased propensity to commit crime." U.S.S.G. § 5H1.4. The defendant may have engaged in the distribution of crystal methamphetamine for personal use, but he also did so for profit and distributed almost a kilogram of crystal methamphetamine during the 60 day interception period.

---

[1] https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2022/20220726_Older-Offenders.pdf

4

The defendant's mental health is not a basis for a downward departure. "Mental and emotional conditions may be relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines." U.S.S.G. § 5H1.3. "Mental and emotional conditions may be relevant in determining the conditions of probation or supervised release." *Id*. The defendant does appear to suffer from mental health issues but not to unusual degree that distinguishes him from typical cases. Moreover, the defendant was offered mental health treatment as part of his pretrial release and was unsuccessfully discharged for failing to follow up. PSI ¶ 125.

<u>The Defendant's Employment Record Is Not A Proper Basis for a Downward Variance</u>

The defendant argues that his employment record serves as a reason for a downward variance. The defendant has primarily worked as a cosmetologist since 2001. PSI ¶ 140. This does not warrant a downward variance under the 3553(a) factors.

<u>An Advisory Guideline Sentence Would Not Create an Unwarranted Sentencing Disparity</u>

The defendant argues that a downward variance is warranted to avoid unwarranted sentencing disparities. The defendant states that the majority of similarly situation defendants received downward variances; however, there is no unwarranted disparity when considering the average and median sentences and the defendant's advisory guideline range. 74 months' imprisonment was the average sentence and 62 months was the median sentence for a defendant with a criminal history category I and who was convicted in the Southern District of Florida for methamphetamine trafficking.[2] Here, a sentence at the low end of defendant's advisory guideline range would be below the average sentence of similarly situated defendants. Thus, an advisory guideline sentence would not create an unwarranted disparity among similar defendants. Lastly, under § 3353(a), the history and characteristics of the defendant must be weighed against the other factors. As such, the Court should place much greater weight on the nature and circumstances of

---

[2] https://ida.ussc.gov/analytics/saw.dll?Dashboard

the offense, the seriousness of the offense and the need for the sentence to promote respect for the law rather than the defendant's history and characteristics.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that this Court deny the defendant's motion for a downward departure/variance and sentence the defendant to a term of imprisonment at the low end of the advisory guideline range.

Respectfully submitted,
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

BY:  *Brian R.*

Brian D. Ralston
Assistant United States Attorney
Court ID No. A5502727
500 South Australian Avenue, Suite 500
West Palm Beach, Florida 33401
Tel: (561) 209-1068
Email: brian.ralston@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ Brian Ralston*
BRIAN D. RALSTON
Assistant United States Attorney

## SERVICE LIST

**United States of America v. Williams, et al.**
**Case No. 23-CR-80182-RLR**
**United States District Court, Southern District of Florida**

**Brian Ralston**
U.S. Attorney's Office
500 S. Australian Avenue, Suite 400
West Palm Beach, Florida 33401
561-820-8711
Brian.Ralston@usdoj.gov
Attorney for USA

**Brian Mallonee**
Law Office of Brian Mallonee
130 S. Indian River Dr. #302
Fort Pierce, FL 34950
772-464-1991
bmallonee@stluciecriminallaw.com
Attorney for Wood